IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER AVALOS,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES W. NIELSEN, et al.,<br><br>        Defendants<br>_____ | No. C 05-3830 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR INDICATE THAT SUCH MOTION IS NOT WARRANTED** |

     Plaintiff, a California prisoner incarcerated at the California Training Facility ("CTF"), Soledad, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against officials of the California Board of Prison Terms and CTF. He complains said defendants have not found him eligible for parole, and have denied his requests to be transferred to a prison in his native country pursuant to the California Foreign Prisoners Transfer Treaty ("Treaty"). In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

     A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff claims that the denial of his eligibility for parole, as well as the denial of his requests for a foreign transfer under the Treaty, amount to the denial of a state-created liberty interest protected by his constitutional right to due process.

As a remedy for his claim regarding the denial of parole eligibility, plaintiff seeks to have this Court "grant" him eligibility for parole. Challenges to state parole eligibility decisions/procedures must be brought by way of a petition for a writ of habeas corpus, if success will necessarily result in immediate or speedier release. See Anyanwutaku v. Moore, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998). By contrast, where an inmate challenges the constitutional validity of the state procedures used to deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under § 1983. Wilkinson v. Dotson, 125 S. Ct.1242, 1248 (2005). As plaintiff in this case does not seek merely an earlier parole eligibility review or hearing, but instead seeks to have parole eligibility granted, his parole eligibility claim, if successful, would result in an earlier release from custody. As such, his claim is not cognizable in the instant § 1983 action, but instead must be brought in a petition for a writ of habeas corpus.

By contrast, plaintiff's claim for transfer, if granted, would not necessarily result in an earlier release. According to plaintiff, the transfer he seeks to a foreign prison, would result in his serving the remainder of his term in a different prison. As such change in the place of incarceration would not constitute an earlier release from custody, the claim is properly

brought in a § 1983 action. Accordingly, liberally construed, plaintiff's claim that the denial of his request for a foreign transfer under the Treaty violated his state-created liberty interest sets forth a cognizable claim based on a violation of his right to due process. See generally Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's parole eligibility claim is DISMISSED without prejudice to refiling in a petition for a writ of habeas corpus.[1]

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of this order upon **Chairman James W. Nielsen** and **Commissioner Jones Moore** at the **California Board of Prison Terms**, and upon **Warden J. W. Kane** and **Deputy C. Robert Harmon** at the **California Training Facility in Soledad, California**. The Clerk shall also serve a copy of this order on **plaintiff** and the **California Attorney General's Office**.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion regarding plaintiff's cognizable claim, as described above. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

   All papers filed with the Court shall be promptly served on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants'

---

[1] Before filing such action, plaintiff must exhaust his state court remedies by fairly presenting the claim to the California Supreme Court. See 28 U.S.C. § 2254(b),(c).

motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to a defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   c. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   4. All communications by plaintiff with the Court must be served on defendants, or

4

defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      6.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      7.    Extensions of time are not favored, though reasonable extensions will be granted. However, any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: October 28, 2005

_____
MAXINE M. CHESNEY
United States District Judge