IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAVIER AVALOS, )  No. C 06-2113 MMC (PR)
        Petitioner, )
    v. ) **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**
A. KANE, )
        Respondent. ) **(Docket No. 3)**
_____ )

    On March 22, 2006, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

    In 1986, in the Superior Court of Los Angeles County, petitioner was convicted of murder and sentenced to a term of 25 years to life in state prison. In 2003, he was denied parole by the California Board of Prison Terms ("BPT"). He has challenged this finding unsuccessfully in habeas petitions filed at all three levels of the California courts.

**DISCUSSION**

A.   <u>Standard of Review</u>

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims that: (1) the BPT failed to review the documentation submitted by petitioner, denied his statutory eligibility to primary term-fixing, and denied him transfer to his country of origin; (2) the BPT's decision is not supported by some evidence, thus violating petitioner's constitutionally protected liberty interest in parole; and (3) the BPT has discriminated against petitioner on the basis of his race and country of origin. Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

2

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

7. In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: June 5, 2006

MAXINE M. CHESNEY
United States District Judge